| Filed By: FRANCIS J. LARKIN | Filed: 6/10/2015 8:00 AM | Number: CV2015-000474 | LEE County | Joyce Loftin | Judge: CRB |

## IN THE COUNTY COURT OF LEE COUNTY, MISSISSIPPI

MALINDA TODD                                                        **PLAINTIFF**

VS.                                                    CAUSE NO. CV2015-000474

BRAD KELLUM, THE HOME GALLERY, LLC,
WHEEL ESTATE MOBILE HOMES, INC,
CAVALIER HOME BUILDERS, LLC, CARL KING,
21ST MORTGAGE CORPORATION, AND FICTITIOUS PARTIES,
A, BEING THOSE PERSONS, FIRMS, CORPORATIONS,
PARTNERSHIPS, OR ENTITIES RESPONSIBLE FOR ANY
DAMAGE TO THE SUBJECT MOBILE HOME
AT ANY LOCATION, AND B, BEING THOSE PERSONS,
FIRMS, CORPORATIONS, PARTNERSHIPS, OR ENTITIES
RESPONSIBLE FOR THE DELIVERY OF THE SUBJECT MOBILE
HOME FROM THE MANUFACTURER'S SITE OR FROM
THE DEALER'S LOT TO THE PLAINTIFF'S LOT AND/OR
SETTING UP THE SUBJECT MOBILE HOME ON
PLAINTIFF'S LOT AND/OR INSPECTING THE LOT
FOR THE SET UP; AND/OR C, D, AND/OR E, BEING
THOSE PERSONS, FIRMS, CORPORATIONS,
PARTNERSHIPS, OR ENTITIES WHO ARE ADDITIONAL
PARTIES IN ANY WAY RESPONSIBLE FOR THE
ACTS COMPLAINED OF HEREIN, WHOSE IDENTITIES
ARE OTHERWISE UNKNOWN, BUT WILL BE ADDED
BY AMENDMENT WHEN ASCERTAINED                                      **DEFENDANTS**

---

## COMPLAINT

---

COMES NOW Plaintiff, Malinda Todd, and files this, her suit for damages, against all the

Defendants, and for cause would respectfully show unto this Honorable Court the following:

### I.

That Plaintiff, Malinda Todd, is an adult resident citizen of Tishomingo County, Mississippi,

and has been such at all time material to this lawsuit.

**II.**

Defendant Brad Kellum is an adult resident citizen of Lee County, Mississippi, and may be served with Summon and Complaint at 1583 Highway 45, Saltillo, MS 38866.

**III.**

That the Home Gallery, LLC, is a division of Wheel Estate Mobile Homes, Inc, and is located at 1583 Highway 45 South, Saltillo, MS 38866 where Service of Process may be obtained through service upon their Registered Agent and Managing Partner, Brad Kellum. That Wheel Estate Mobile Homes, Inc, is a Mississippi Corporation doing business as the Home Gallery, LLC, and is located and whose principal place of business is in Lee County, Mississippi, in Tupelo and in Saltillo, Mississippi, where they may be served with Process through service upon their Registered Agent, Harold K. Wilson. That Cavalier Home Builders, LLC is an Alabama Corporation who may be served with Summons and Complaint through service upon their Registered Agent, C.T. Corporate Systems. That Carl King is an adult resident citizen of Lee County, Mississippi, and may be served with Summons and Complaint at his place of business at 892 South Ford Street, Baldwyn, Mississippi 38824. That 21ˢᵗ Century Mortgage Corporation is a foreign corporation whose principal place of business is located in Knoxville, Knox County, Tennessee, and whose Registered Agent in Mississippi, Ed Lawler, may be served with Summons and Complaint at 368 Highland Colony Parkway, Ridgeland, Mississippi, 39157.

**IV.**

That Defendants for A are those persons, firms, corporations, partnerships, or entities responsible for any damage to the subject mobile home at any location.

**V.**

Defendants for B are those persons, firms, corporations, partnerships, or entities responsible

for the delivery of the subject mobile home from the dealer's lot to the Plaintiff's lot and/or setting-up the subject mobile home on Plaintiff's lot and/or inspecting the lot for set up. In the alternative, that Separate Defendant Carl King was responsible for the delivery of the subject mobile home from the dealer's lot to the Plaintiff's lot and/or setting-up the subject mobile home on Plaintiff's lot and/or inspecting the lot for set up.

### VI.

That Defendants C, D, and/or E are those persons, firms, corporations, partnerships, or entities who are the additional Parties in anyway responsible for the acts complained of herein, whose identities are otherwise unknown, but will be added by Amendment when ascertained.

### FIRST CAUSE OF ACTION
### VII.

That Plaintiff, Malinda Todd, purchased a 2014 Cavalier Mobile Home, Model 5437CAV; Serial Number - CCV071850ALAB from Mark Kellum, through an entity known as Wheel Estate Mobile Homes, Inc., doing business as The Home Gallery, LLC, on or about June 11, 2014. That said Cavalier Mobile Home was defective.

### VIII.

The manufacturer, Cavalier Homes, LLC and the dealer, Brad Kellum, individually, Wheel Estate Mobile Homes, Inc., doing business as The Home Gallery, LLC , and and/or E were aware of the defects in said mobile home and failed or refused to correct said defects.

### IX.

The manufacturer, Brad Kellum, Wheel Estate Mobile Homes, Inc., doing business as The Home Gallery, LLC, and/or E were aware of the defects of said mobile at the time of the sale to

Plaintiff. However, representation were made that the mobile home were without defects.

### X.

That said representations were false, and the manufacturer, Cavalier Homes, LLC, and the dealer, Brad Kellum, Wheel Estate Mobile Homes, Inc., doing business as The Home Gallery, LLC The Home Gallery, LLC and and/or E knew they were false. Said Defendants intentionally suppressed the fact the mobile home had numerous defects.

### XI.

That Plaintiff believed the said representations and reasonably relied on them an innocently acted upon them to her detriment in purchasing said mobile home.

Plaintiff demands judgment against Defendants for compensatory damages, including mental anguish, and the following:

A. Compensatory and consequential damages.

B. Punitive damages.

C. Reasonable attorney's fees.

D. Costs of this action.

E. Whatever further and different legal and/or equitable relief to which to Plaintiff may be entitled in this cause.

### SECOND CAUSE OF ACTION
### XII.

Plaintiff adopts the forgoing paragraphs one (1) though XI as if they were written herein in their entirety.

### XIII.

Plaintiff avers that the manufacturer, Cavalier Home Builders, LLC, and the dealer, Brad

Kellum, Wheel Estate Mobile Homes, Inc., doing business as The Home Gallery, LLC , C, D, and/or E, together with Brad Kellum represented to the Plaintiff that said mobile home made the subject of this action would be delivered to her free from defects and if there were any defects, that said defects would be promptly repaired.

### XIV.

In fact, said mobile home was not free from defects, was not fit for it's ordinary and particular use, and the defects have not been repaired despite repeated assurances that they would be.

### XV.

The representations above, which were made to Plaintiff, were, in fact, false and fraudulent. Said representations were made by the manufacturer, Cavalier Home Builder, LLC, and the dealer, Brad Kellum, Wheel Estate Mobile Homes, Inc., doing business as The Home Gallery, LLC The Home Gallery, LLC , C, D, and/or E to induce the Plaintiff to purchase said mobile home.

### XVI.

Plaintiff believed the said representations and reasonably relied upon them and innocently acted upon them to her detriment in purchasing said mobile home.

Plaintiff demands judgment against the Defendants for compensatory and other damages available under Mississippi Law, including mental anguish.

### THIRD CAUSE OF ACTION
### XVII

The Plaintiff adopts Paragraph One (1) though XVI as if they were written herein in their entirety.

At the time of the Plaintiff's purchase, the manufacturer, Cavalier Home Builders, LLC. and the dealer, Wheel Estate Mobile Homes. Inc., doing business as the Home Gallery , LLC, and Brad

Kellum, together with C, D, and/or E expressly warranted and warranted by implication that said mobile home was free from defects and was fit for it's ordinary and particular use or if there were defects, that same would be promptly repaired to the Plaintiff's satisfaction.

## XVIII

The total cash price of said mobile home at issue in the cause was of Sixty One Thousand One Hundred Fifty Dollars ($61,150.00). However, Plaintiff found that the mobile home was defective as stated in the Complaint.

## XIX

Plaintiff further avers that the manufacture Caviler Home Builders, LLC and the dealer, Brad Kellum, Wheel Estate Mobile Homes, Inc. doing business as The Home Gallery, LLC, C, D, and/or E have been provided notice of the existence of said defects. Plaintiff was promised that the defects would be repaired to her satisfaction, but the manufacturer Cavalier Home Builders, LLC, and the dealer, Brad Kellum, Wheel Estate Mobile Home, Inc. doing business as The Home Gallery, LLC failed and/or refused to correct said defects.

## XX

Plaintiff demands judgment against the Defendants for compensatory damages, including mental anguish and the following:

a.  Compensatory and punitive damages;

b.  Consequential damages;

c.  Reasonable attorneys fees;

d.  Cost of this action;

e.  Whatever further different legal and/or equitable relief to which Plaintiff may be entitled in this cause.

### FOURTH CAUSE OF ACTION
### XXI

Plaintiff adopts the forgoing paragraphs in full as if they were written herein in their entirety.

Pursuant to the Federal Trade Commission's "Holder Rule" 16 CFR 433.2, and/or the language in the Security Agreement subjecting the Holder to the contract liable to all claims and defenses Plaintiff has against the Seller, Defendant 21st Mortgage Corporation, and/or C, D, and/or E are liable to the Plaintiff for all of her claims against the Defendants.

Plaintiff demands judgment against Defendant 21st Mortgage Corporation for Compensatory Damages, including mental anguish.

### FIFTH CAUSE OF ACTION
### XXII

Plaintiff adopts the foregoing paragraphs as if they are written herein in their entirety.

The Plaintiff avers that the Defendants and/or C, D, and/or E negligently approved the subject home, or it's design, and/or negligently hired, trained, supervised, and retained the sellers, builders, repairman, service men, or other agents, supervisors, or managers.

### XXIII

As a proximate result of said negligence, the Plaintiff has been injured or damaged.

Plaintiff demands judgment against the Defendants for compensatory damages, including mental anguish. To the extent that any cause of action may be interpreted to make a claim under the Carmack Amendment, Plaintiff claims accumulative amount for any Carmack Amendment claim of less than Ten Thousand Dollars ($10,000.00).

### SIXTH CAUSE OF ACTION
### XXIV.

Plaintiff adopts the forgoing Paragraphs as if they were written herein in their entirety.

The Plaintiff avers that the dealer, Brad Kellum, Wheel Estate Mobile Homes, Inc., doing business as The Home Gallery, LLC , and/or C, D, and/or E, conspired to defraud the Plaintiff as aforesaid.

## XXV.

As approximate result of such conspiracy, the Plaintiff has been injured and damage as alleged above. Plaintiff demands judgment against Brad Kellum, Wheel Estate Mobile Homes, Inc., doing business as The Home Gallery, LLC , and/or C, D, and/or E for compensatory damages including mental anguish.

## SEVENTH CAUSE OF ACTION

## XXVI.

The Plaintiff adopts the foregoing Paragraphs as if they were written here in their entirety. Before purchasing said mobile home and during the course of the purchase negotiations the Defendants, and C, D, and /or E, represented to the Plaintiff that said mobile home was a new mobile home free of defects and in excellent condition, when in fact, said mobile home was damaged.

## XXVII.

The Defendant, including Defendants C, D, and/or E knew that the representations contained in the proceeding Paragraph were false, and the Defendants, jointly and severally, made said representations with reckless disregard for the truth.

## XXVIII.

Said representations contained in the previous paragraphs were made to induce Plaintiff to purchase the above mobile home and in reliance on said representations the Plaintiff purchased said mobile home and was damaged thereby. The Plaintiff was caused to suffer mental anguish and emotional distress.

### XXIX.

Plaintiff believed the said representations and reasonable relied on them and innocently acted upon them to her detriment in purchasing said mobile home.

### XXX

The Plaintiff claims punitive damages and damages for mental anguish and emotional distress.

### XXXI

Plaintiff demands judgment against the Defendants for compensatory damages and all other damages available under the laws of the State of Mississippi, including mental anguish.

### EIGHTH CAUSE OF ACTION
### XXXII

The Plaintiff adopts the foregoing Paragraphs as if they were written herein in their entirety.

Cavalier Home Builders, LLC, the manufacture, and/or the dealer, , Brad Kellum, Wheel Estate Mobile Homes, Inc., doing business as The Home Gallery, LLC , and/or C, D, and/or E expressly and in writing and/or impliedly under the law warranted that the mobile home was free of defects when in fact the mobile home had defects and/or was damaged; further, the Defendants, and/or C, D, and/or E implied and warranted that said mobile home was merchantable and fit for the ordinary purpose for which is was intended, when in fact it was not merchantable, and furthermore, it was not fit for the ordinary purpose for which it was intended; the Defendants and/or C. D. and/or E impliedly warranted that said mobile home was habitable, when in fact, it was not; and the extent of said breaches cause any limited warranty to fail in its essential purpose. Also, the Defendants and/or Defendants, C, D. and/or E, warranted said mobile home to be habitable in comfort, when in fact it is not habitable.

## XXXIII.

After the Plaintiff gave Cavalier Home Builders, LLC, the manufacturers, and/or Brad Kellum, Wheel Estate Mobile Homes, Inc., doing business as The Home Gallery, LLC , and/or C, D, and/or E, notice of defects within a reasonable time after it was discovered, and Defendants failed to repair said defects and/or failed to remedy said breaches.

## XXXIV

Cavalier Home Builders, LLC, the manufacturers, and/or Brad Kellum, Wheel Estate Mobile Homes, Inc., doing business as The Home Gallery, LLC , and/or C, D, and/or E breached the express warranty and/or warranty's alleged in the previous paragraph, and are liable for damages, including Plaintiff's mental anguish.

Plaintiff demands judgment against the Defendant for Compensatory damages including mental anguish.

### NINTH CAUSE OF ACTION

### XXXV.

The Plaintiff adopts the foregoing Paragraphs as if they are written herein in their entirety.

The Defendants, and/or C, D, and/or E negligently approved, constructed, designed, built, delivered, set-up, serviced, or assembled the mobile home which Plaintiff purchased from the Defendants.

## XXXVI

The Defendants owed a duty to use due and ordinary care in the approval, construction, design, building, delivery, set-up, service, or assembly of the mobile home which the Plaintiff purchased from the Defendants.

### XXXVII

The Defendants breached the duty owed to the Plaintiff by failing to use ordinary undo care in the approval, construction, design, building, delivery, set-up, service, or assembly of the mobile home which was purchased by the Plaintiff from the Defendants.

### XXXVIII

As the proximate result of the negligence of the Defendants, the Plaintiff was caused to suffer damages, including but not limited to, the lose and value of the Plaintiff's home, other compensatory damages, mental anguish and emotional distress.

### XXXIX

Plaintiff demands judgment against the Defendants for compensatory damages, including mental anguish, to the extent that any cause of action may be interpreted to make a claim under the Carmack Amendment, Plaintiff claims a combatively amount for any Carmack Amendment Claim of less than Ten Thousand Dollars ($10,000.00).

### TENTH CAUSE OF ACTION

### XXXX.

Plaintiff adopts the foregoing paragraphs as if they were written herein in their entirety. That Defendants Carl King, Wheel Estate Mobile Home, Inc., d/b/a The Home Gallery, and/or A, negligently transported the subject mobile home from the Cavalier Home Builder, LLC location to Plaintiff's lot in Tishomingo County, Mississippi. As the proximate consequence of the negligence of said Defendants in transporting and/or setting up the subject mobile home, the mobile home was damaged and rendered less valuable; the Plaintiff was damaged in that she lost the value, use and enjoyment of her mobile home; and the Plaintiff suffered mental anguish.

### XXXXI.

Defendants Brad Kellum, Wheel Estate Mobile Homes, Inc., d/b/a The Home Gallery, LLC, Carl King, and/or B negligently inspected or prepared the site where the subject mobile home was set up or installed; said mobile home being described as a 2014 Cavalier Mobile Home. As a proximate consequence of the negligence of said Defendants in negligently inspecting and preparing the sight where the mobile home was set-up or installed, the mobile home was damaged and rendered less valuable; the Plaintiff was damaged in that she lost the value, use, and enjoyment of her mobile home; and the Plaintiff suffered mental anguish.

### XXXXII.

Plaintiff demands judgment against the Defendants for compensatory damages, including mental anguish. To the extent that any cause of action my be interpreted to make a claim under the Carmack Amendment, Plaintiff claims a cumulative amount for any Carmack Amendment Claim of less than Ten Thousand Dollars ($10,000.00).

### ELEVENTH CAUSE OF ACTION

### XXXXIII.

The Plaintiff adopts the foregoing Paragraphs as if they were written in their entirety.

### XXXXIV.

On or about June 11, 2014, Malinda Todd purchased a new 2014 Cavalier Mobile Home, bearing Model 5437CAV- Serial Number CCV071850ALAV from Wheel Estate Mobile Homes, Inc., and from Defendant, Brad Kellum for the cash purchase price of Sixty One Thousand Nine Hundred Fifty Dollars ($61,950.00). Said mobile home was purchase for use as her home located in Tishomingo County, Mississippi.

### XXXXV.

The mobile home was constructed or assembled by Cavalier Home Builders, LLC, and/or

C, D, and/or E.

As a part of the basis of the bargain between Plaintiff and Defendants for the purchase of the mobile home, Defendants provided written Warranties and implied Warranties on the mobile home.

## XXXXVI

This sales transaction is subject to the provisions and regulations of the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act"), 15U.S.C. 2301, et seq.

## XXXXVII

The Plaintiff is a "consumer" as defined in the Warranty Act, 15 U.S.C. 2301(3).

## XXXXVIII

The Defendants are "suppliers" and "warrantors" as defined by the Warranty Act 15U.S.C. 2301(4), and (5).

## XXXXIX

The mobile home in question is a "consumer product" as defined in the Warranty Act, 15U.S.C. 2301(1).

## L

The mobile home in question was build or constructed and sold after July 4, 1975.

The express warranties provided by the Defendants, and/or required by statute to be provided by the Defendants pertaining to the mobile home are "written warranties" as defined in the Warranty Act 15 U.S.C 2301(6).

## LI

Plaintiff complied with any informal dispute resolution mechanism required by Defendants before filing this lawsuit;

Alternatively, Defendants did not require or provide any written warranty and informal

dispute resolution mechanism which meets the standards established by the Federal Trade Commission pursuant to the Warranty Act, 15 U.S.C. 2301 (3).

## LII.

The manufacturer, Cavalier Home Builders, LLC, Brad Kellum, Wheel Estate Mobile Homes, Inc. d/b/a The Home Gallery, LLC, C, D, and/or E breached the written warranty on Plaintiff's mobile home by failing to repair defects including, but not limited to, the following:

1) the back door to the home not level - it was adjusted or repaired by the Cavalier representative in July, 2014 (the Cavalier representative also replaced the siding above the kitchen door);

2) kitchen cabinet by the back door was shimmed to make the kitchen counter level;

3) double windows in the living room are not level - too high in the center;

4) marriage wall between the pantry and the bath has a sheet rock ripple from the bottom to the electrical switch;

5) electrical panel in the utility room is pulling away from the wall at the bottom left;

6) the heating and air conditioning unit intake panel is moving forward and away from the wall;

7) shifting occurring in the wall between the kitchen and the bath;

8) hallway door to the bathroom - frame and door has shifted;

9) the master bedroom door will not close fully;

10) door from the master bedroom to the bathroom has a space between the frame and the door on the striker plate side;

11) door to the guest bedroom has to be pushed for closure to catch

12) noticeable space from outside wall to center wall in living room behind corner trim.

13)    noticeable space from back to side wall of master bedroom behind corner trim

14)    floor boards unsound and makes noise in bathroom just inside hallway door

15)    floor boards unsound in master bedroom between hall door and bathroom door

16)    Ripple in top piece of siding between master bedroom window  and bathroom window.

### LIII

Plaintiff notified Defendants of the defects in the mobile and afforded the Defendants a reasonable opportunity to comply with the Warranty and a reasonable number of attempts to make the repairs.

### LIV

Alternatively, Defendants, including Cavalier Home Builders, LLC, and/or the manufacturer were aware and should have been aware of the defects at the time of the sale.

Alternatively, the defects can not be cured.

### LV

The manufacturer, Cavalier Home Builders, LLC and Defendants, Brad Kellum, Wheel Estate Mobile Homes, d/b/a the Home Gallery, LLC, C, D, and/or E failed to cure the defects and Plaintiff has been damaged thereby.

### LVI

Pursuant to the Warranty Act the Plaintiff prays that this Court will provide legal and/or equitable relief by entering a judgment for the Plaintiff and against the Defendants, jointly and severally,  in an amount less than the sum or the value of $50,000.00 (exclusive of interest and cost, award attorney's fees to Plaintiff, and award interest and costs to the Plaintiff).

## TWELVETH CAUSE OF ACTION
### LVII

Plaintiff adopts the forgoing Paragraphs as if they were written in their entirety.

### LVIII

The various Defendants were guilty of other torts, including negligent testing or approval, liability to third persons for the negligent performance of an undertaking, misrepresentation, and false advertising, and in violation of Restatement of Torts, Section 324 A.

These torts were a direct and proximate cause of the injuries and damages to Plaintiff.

Plaintiff demands judgment against the Defendants for compensatory damages, including mental anguish. To the extent that any cause of action may be interpreted to make a claim under the Carmack, Plaintiff claims a cumulative amount for any Carmack Amendment Claim for less than Ten Thousand Dollars ($10,000.00).

## THIRTEENTH CAUSE OF ACTION
### LIV

The Plaintiff adopts the forgoing paragraph as if they were written herein in there entirety.

### LV

Brad Kellum, Wheel Estate Mobile Home, Inc., d/b/a The Home Galley, LLC, D and/or E negligently constructed, approved, designed, built, and/or assembled the mobile home which the Plaintiff purchased from the Defendants, who negligently hired, retained, or supervised the individuals, dealers, corporations, businesses, and entities engaged to manage or hire and/or consult and/or locate and train mobile home lot operators, retailers, installers, or dealers to run and/or control business operations for the Defendant.

### LVI

The Defendants owed a duty to use due and ordinary care in the construction, approval, design, building, and/or assembly of the mobile home which the Plaintiff purchased from the

Defendants and owed a duty to use due and ordinary care in the managing, consulting, hiring, retaining, supervising, and/or training of the installers, operators, retailers, dealers, and/or employees, including any seller of the subject mobile home or other dealer.

## LVII

The Defendants breached the duty owed to Plaintiff by failing to use the ordinary and due care in the approval, construction, design, building, and/assembly of the mobile home which was purchased by the Plaintiff from the Defendants by failing to use due and ordinary care in managing, consulting, hiring, retaining, supervising, and/or training of the installers, retailers, dealers, and/or employees, including any seller of the subject home or other dealers.

## LVIII.

As the proximate result of the negligence of the Defendants, the Plaintiff was caused to suffer damages, including, but not limited to, loss in value of the Plaintiff's home, other compensatory damages, mental anguish and emotional distress.

## LIX

Plaintiff requests compensatory damages and any other damages available under the Laws of the State of Mississippi, including mental anguish. To the extent that any cause of action may be interpreted to make a claim under the Carmack Amendment, Plaintiff claims accumulative amount for any Carmack Amendment Claim of less than Ten Thousand Dollars ($10,000.00).

## FOURTEENTH CAUSE OF ACTION

## LX

Plaintiffs adopt the forgoing Paragraphs as if they were written in their entirety.

## LXI

The Defendants, the manufacturer, Cavalier Home Builders, LLC and the dealer, Brad Kellum, Wheel Estate Mobile Homes, Inc., d/b/a The Home Gallery, LLC and the fictitious parties

D and/or E negligently trained, taught, and/or supervised the dealer or it's officer, managers, or employees to install, to operate, to manage, to supervise, and/or to provide service for the Defendants business operations either through or for the dealer or the Defendants, and negligently trained the dealer or it's officers, managers, or employees to perform service work to repair defects and/or to properly respond to the home owners' request for warranty repair and/or to repair defects covered by the Defendants written warranty.

## LXII

The manufacture, Cavalier Home Builders, Inc., Brad Kellum, Wheel Estate Mobile Homes, Inc., d/b/a The Home Gallery, LLC. and/or D and/or E negligently trained the dealer or it's officers, managers, or employees to notify the manufacturer, Caviler Home Builders, LLC, and the dealer, and Defendants, Brad Kellum or Wheel Estate Mobile Homes, d/b/a The Home Gallery, LLC, D and/or E of the Request for Repair and/or of the Defendant's inability or refusal to repair the defects and/or properly respond to the home owners request for Warranty Work.

## LXIII

As a proximate consequence of the negligence of said Defendants in their failure to provide adequate services or proper training to perform business operations and/or service, the subject mobile home was damaged and rendered less valuable; the Plaintiff was damaged in that she lost the value, use and enjoyment of the mobile home; and the Plaintiff suffered mental anguish.

## LXIV

Plaintiff demands judgment against the Defendant for compensatory damages, including mental anguish. To the extent that any cause of action may be interpreted to make a claim under the Carmack Amendment, Plaintiff claims accumulative amount for any Carmack Amendment Claim of less than Ten Thousand Dollars ($10,000.00).

## FIFTEENTH CAUSE OF ACTION
### LXV

Plaintiffs adopt the forgoing Paragraphs as if they were written in their entirety.

That Plaintiff, Malinda Todd, purchased a 2014 Cavalier Mobile Home, Model 5437CAV; Serial Number - CCV071850ALAB from Mark Kellum, through an entity known as Wheel Estate Mobile Homes, Inc., doing business as The Home Gallery, LLC, on or about June 11, 2014.

### LXVI

The Cavalier Mobile Home sold to Malinda Todd was manufactured and installed after July 1, 2009, and was subject to inspection by the Mississippi State Fire Marshall's Office of the Mississippi Department of Insurance prior to occupancy by Malinda Todd. In accordance with Mississippi's Factory-Built Homes statutes, Section 75-49-1 through Section 75-49-21.

### LXVII

That Defendants Brad Kellum, Wheel Estate Mobile Homes, Inc. Doing business as The Home Gallery, LLC, Carl King, B, C, D, and/or E illegally conspired with other to not report the sale and installation of the Cavalier Mobile Home to Plaintiff to avoid having to pay the inspection fee charged by the Fire Marshall's office and to save the expense of properly installing said Mobile Home. That the illegal actions of Defendants were intended to defraud Plaintiff. That the illegal actions of Defendants did in fact defraud Plaintiff and cause her to sustain monetary damage. That Plaintiff's Mobile Home was not properly installed by Defendants, which resulted in Plaintiff's Mobile Home being damaged and Plaintiff suffering a monetary loss as the results of the illegal and fraudulent actions of Defendants. That Plaintiff is entitled to compensatory damages, punitive damages, to attorneys fees and her costs as the result of the illegal actions of Defendants. In the alternative, Plaintiff is entitled to rescind the sale of the Mobile Home from Defendants, and to reimbursement of the monetary loss she has sustained, and to any lien on her real property being lifted.

## LXVIII

In the alternative, that Defendants Brad Kellum, Wheel Estate Mobile Homes, Inc. Doing business as The Home Gallery, LLC, Carl King, B, C, D, and/or E were guilty of gross negligence in failing to report the sale and installation of the Mobile Home to Plaintiff to the Office of the Fire Marshall. That Defendant Cavalier Home Builders, LLC, had a duty to warn Plaintiff that there was no inspection tag on the Mobile Home after the Mobile Home had had been set-up and installed and was being occupied by Plaintiff. That Cavalier Home Builders, LLC, was guilty of gross negligence in failing to warn Plaintiff that Defendants Brad Kellum, Wheel Estate Mobile Homes, Inc. Doing Business As The Home Gallery, LLC, Carl King, B, C, D, and/or E had not reported said Mobile Home sale and installation to the Office of the Mississippi Fire Marshall. That Plaintiff is entitled to compensatory damages, punitive damages, to attorneys fees and her costs as the result of the gross negligence of Defendants.

NOW THEREFORE Plaintiff demands judgment against the Defendant for compensatory damages, including mental anguish and the following:

    A.    Compensatory and consequential damages.

    B.    Punitive damages.

    C.    Reasonable attorney's fees

    D.    Costs of this action.

    E.    Whatever further and different legal and/or equitable relief to which to Plaintiff may be entitled in this cause.

Respectfully submitted,

FRANCIS J. LARKIN
ATTORNEY AT LAW
ATTORNEY FOR PLAINTIFF
PO BOX 1561
TUPELO, MS 38802-1561
(662) 841-0636
MSB NO.: 1070



FILED

JUN 1 0 2015

JOYCE R. LOFTIN, CIRCUIT CLERK
D.C.

LEE COUNTY

COUNTY
COURT

Joyce Loftin
CLERK

MISSISSIPPI