IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MALINDA TODD                                                    PLAINTIFF

v.                                       CIVIL ACTION NO. 1:15-cv-00177-GHD-DAS

BRAD KELLUM; THE HOME GALLERY,
LLC; WHEEL ESTATE MOBILE HOMES,
INC.; CAVALIER HOME BUILDERS, LLC;
CARL KING; 21ST MORTGAGE CORPORATION;
FICTITIOUS PARTY A; FICTITIOUS PARTY B;
FICTITIOUS PARTY C, D AND/OR E                                  DEFENDANTS

## MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Presently before this Court is Plaintiff's motion to remand the case to state court [19]. Upon due consideration, the Court is of the opinion that the motion for remand [19] should be granted.

### A. Factual and Procedural Background

On September 12, 2013, Plaintiff Malinda Todd ("Plaintiff") filed a complaint in the Circuit Court of Lee County, Mississippi, against Defendants Brad Kellum; The Home Gallery, LLC; Wheel Estate Mobile Homes, Inc.; Cavalier Home Builders, LLC ("Cavalier"); Carl King; 21st Mortgage Corporation, and fictitious parties (collectively, "Defendants").

Plaintiff alleges that she purchased a 2014 Cavalier Mobile Home, Model 5437CAV, Serial Number – CCV071850ALAB, for $61,950.00 from Mark Kellum, through an entity known as Wheel Estate Mobile Homes, Inc., doing business as The Home Gallery, LLC, on or about June 11, 2014, but that the mobile home was defective. Plaintiff asserts numerous causes of action against Defendants including negligence, fraud, breach of express and implied warranties, conspiracy, and strict liability in tort. In addition, Plaintiff asserts a cause of action

1

under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* (the "MMWA"), which is the subject of the present motion before the Court. Plaintiff seeks compensatory and consequential damages, punitive damages, attorney's fees and costs, as well as any other legal or equitable relief to which she may be entitled.

On October 14, 2015, Cavalier filed a notice of removal [1] in which Defendants Brad Kellum; The Home Gallery, LLC; Wheel Estate Mobile Homes, Inc.; Carl King; and 21st Mortgage Corporation joined. Defendants removed the suit to federal court based on federal question and supplemental jurisdiction. Defendants filed answers to the complaint, followed by an amended joint answer. On November 15, 2015, Plaintiff filed the present motion to remand [19] the case to state court. Cavalier filed a response [20], affidavit [24], and memorandum brief [22] in opposition. Plaintiff has not filed a reply, and the time for doing so has now passed. The motion for remand is now ripe for review.

### B. Standard of Review

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A case may be remanded upon a motion filed within thirty days after the filing of the notice of removal on any defect except subject matter jurisdiction, which can be raised at any time by any party or *sua sponte* by the Court. *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 F. App'x 946, 947 (5th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded." 28 U.S.C. § 1447(c). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## *C. Discussion*

Plaintiff contends that removal is improper and remand is warranted because her complaint does not present a claim under the MMWA that satisfies the $50,000.00 jurisdictional prerequisite for proper removal to federal court, and thus, that the face of her complaint does not state a federal question.

Cavalier argues in response that removal is proper on the basis of federal question jurisdiction under the MMWA. The mobile home in question was purchased by Plaintiff for $61,950.00, as stated in her complaint under the MMWA cause of action. Cavalier thus argues that because the purchase price of the subject mobile home is in excess of $50,000.00, the MMWA jurisdictional prerequisite is met. Cavalier additionally argues that Plaintiff's other causes of action request an amount greater than the MMWA jurisdictional prerequisite. Therefore, Cavalier maintains that original jurisdiction in federal court is proper.

Federal question jurisdiction, provided by 28 U.S.C. § 1331, vests in federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he well-pleaded complaint rule provides that the plaintiff's properly pleaded complaint governs jurisdictional determinations. If, on its face, such a complaint contains no issue of federal law, there is no federal question jurisdiction." *Cevallos v. Silva*, 541 F. App'x 390, 393 (5th Cir. 2013) (per curiam) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391–92, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). "A cause of action does not have the necessary jurisdictional elements unless it presents a basic dispute as to the

3

interpretation or construction of the Constitution or laws of the United States of such serious import that jurisdiction will be supported if the laws of constitutional provision be given one interpretation and defeated if given another." *Screven County v. Brier Creek Hunting & Fishing Club, Inc.*, 202 F.2d 369, 370 (5th Cir. 1953).

"[F]ederal question jurisdiction under the [MMWA] . . . allows litigants to bring breach-of-warranty claims in federal court if the amount in controversy is at least $50,000[.00]." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 886 (5th Cir. 2014) (citing 15 U.S.C. § 2310(d)(3)(B)). "Generally, courts look to state law to determine the applicable measure of damages, which informs the amount in controversy under the MMWA." *Id.* at 887. Several limitations apply when calculating the amount in controversy under the MMWA:

> First, personal injury damages for breach of warranty, which are not recoverable under the MMWA, may not be counted to satisfy the jurisdictional amount. *Boelens* [*v. Redman Homes, Inc.*], 748 F.2d [1058,] 1069 [5th Cir. 1984]. Second, attorneys fees may not be used to satisfy the jurisdictional amount, because the MMWA requires that the amount in controversy be calculated "exclusive of interests and costs." *Id.*; *see also Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004) ("Nor may attorneys fees be considered in calculating the jurisdictional amount."). Last, damages for any pendent state-law claims should not be included to satisfy the jurisdictional amount. *Boelens*, 748 F.2d at 1071 n.19.

*Id.* at 887–88. With these principles in mind, the Court turns to the nature of the allegations pertaining to the MMWA in Plaintiff's complaint.

Plaintiff asserts claims for breach of express warranties and breach of implied warranties on the mobile home under the MMWA. *See* Pl.'s State-Ct. Compl. [2] ¶ XXXV. The parties apparently agree that Mississippi law applies. The measure of damages provided by the UCC is applied to these claims under the MMWA. *Broome v. Gen. Motors, LLC*, 145 So. 3d 645, 651

(Miss. 2014) (quoting *MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir. 1979) (applying Mississippi law)). "The UCC permits buyers to collect damages for the difference between the contract price and the value of the non-conforming goods: The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." Miss. Code Ann. § 75–2–714(2). Buyers also may collect incidental damages under the UCC. Miss. Code Ann. § 75–2–715(1). Furthermore, in "rare instances," Mississippi law allows punitive damages for breach-of-warranty claims. *See, e.g.*, *Precision Interlock Log Homes, Inc. v. O'Neal*, 689 So. 2d 778, 779–80 (Miss. 1997); *Ciba-Geigy Corp. v. Murphree*, 653 So. 2d 857, 867 (Miss. 1994); *Fedders Corp. v. Boatright*, 493 So. 2d 301 (Miss. 1986). Specifically, punitive damages may be allowed when "[i]n addition to the breach, 'there . . . enter[s] into the injury some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule.' " *Ciba-Geigy Corp.*, 653 So. 2d at 867 (quoting *Fedders Corp.*, 493 So. 2d at 311) (quoting *Fowler Butane Gas Co. v. Varner*, 141 So. 2d 226, 233 (Miss. 1962)).

Thus, according to Mississippi law, the amount-in-controversy for Plaintiff's breach-of-warranty claims equals the diminished value of the mobile home plus incidental damages, and only if Plaintiff's claims fall into one of the rare instances listed above, punitive damages.

Courts generally begin the amount-in-controversy analysis by " 'look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds' the jurisdictional threshold." *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). "If [Plaintiff] did

demand a specific amount, '[t]he amount stated in the complaint is itself dispositive of jurisdiction if the claim is apparently made in good faith.' " *See Scarlott*, 771 F.3d at 888 (quoting *Boelens*, 748 F.3d at 1069).

In the case *sub judice*, pertinent to the amount-in-controversy analysis, Plaintiff's complaint asserts with respect to her MMWA claim that she purchased the subject mobile home from Defendants Wheel Estate Mobile Homes, Inc. and Brad Kellum for $61,950.00, Pl.'s State-Ct. Compl. [2] ¶ XLIV; that Defendants' alleged breach of the express (written) warranty on the mobile home included sixteen defects, *id.* ¶ LII; and that Plaintiff seeks in connection with her MMWA claim "an amount less than the sum or the value of $50,000.00 (exclusive of interest and cost[s], award attorney's fees to Plaintiff, and award interest and costs to the Plaintiff)," *id.* ¶ LVI. As stated above, interest, attorney's fees, and costs are not to be considered in the MMWA jurisdictional amount-in-controversy analysis; neither are the amounts sought in the state-law claims. From the face of Plaintiff's complaint, although she has not specified the exact amount of her damages, she has stated she seeks less than the jurisdictional threshold. There is no reason to think her claim is not made in good faith, and thus, the Court is of the opinion that this amount should control. *See Keys v. Riverside Trading Co.*, No. CIV.A.204CV127LTSJMR, 2005 WL 1523383, at *2 (S.D. Miss. June 28, 2005) (plaintiff's complaint limited relief sought on MMWA claim "exclusive of interest and costs[] to no more than $49,999.00"; "[t]his is obviously less than the $50,000[.00] threshold necessary to sustain federal jurisdiction."); *Shaffer v. Palm Harbor Homes, Inc.*, 328 F. Supp. 2d 633, 640 (N.D. Miss. 2004) (declining to remand case involving MMWA claim but noting that if the plaintiffs had "attempted to limit their recovery, in any way, in their original complaint, either expressly or by attachment," remand might have been proper).

In addition, even assuming *arguendo* there was some question as to the amount in controversy pled in the complaint on the MMWA claim, Cavalier has not presented evidence to demand a different result. The affidavit presented with Cavalier's response merely establishes that the purchase price of the mobile home was $61,950.00, a fact not in contest. Plaintiff's measure of damages on her breach of warranty claims is not the purchase price of the subject mobile home, but the diminished value of the mobile home plus incidental damages—an amount Plaintiff alleges is less than $50,000.00. Her MMWA claim does not include allegations allowing for punitive damages. For all of the foregoing reasons, Plaintiff's MMWA claim does not meet the jurisdictional threshold; as a result, federal question jurisdiction does not exist in this case.

The sole purported basis of removal in this case was federal question jurisdiction based on the MMWA claim. "In order for a federal court to invoke supplemental jurisdiction under [*United Mine Workers of Am. v.*] *Gibbs*[, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1996)], it must first have original jurisdiction over at least one claim in the action." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 222 (5th Cir. 2012) (*Exxon Mobil Corp., v. Allapattah Servs., Inc.*, 545 U.S. 546, 554, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)). Clearly, the Court does not have federal question jurisdiction over the MMWA claim. In addition, the Court notes that it does not have diversity jurisdiction over any claims in the action, because complete diversity of citizenship is not present among Plaintiff and Defendants Brad Kellum; Home Gallery, LLC; Carl King—all citizens of Mississippi. *See* Pl.'s State-Ct. Compl. [2] ¶¶ I–III; Defs.' Am. Answer [15] ¶¶ I–III. Because the Court does not have original jurisdiction over any claims in this action, the case must be remanded to state court.

7

### D. Conclusion

In sum, Plaintiff's motion to remand to state court [19] shall be GRANTED; this cause shall be REMANDED to the Circuit Court of Lee County, Mississippi; and this case shall be CLOSED.

An order in accordance with this opinion shall issue this day.

THIS, the 10ᵗʰ day of August, 2016.

_____
SENIOR U.S. DISTRICT JUDGE